**MISI TAUFETEE of Nuuuli, Plaintiff**

v.

**UELE of Nuuuli, Defendant**

No. 4-1956

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Maluia" of Nuuuli]

March 14, 1956

---

OPINION AND DECREE

Heard at Fagatogo on February 16, 1956 before MOR-ROW, *Chief Judge* and *Associate Judges* APE and MA-LEPEAI.

Aifili, counsel for Misi Taufetee.

S. Lutu, counsel for Uele; Lagafua, assistant counsel for Uele.

OPINION OF THE COURT

MORROW, *Chief Judge*.

Uele of Nuuuli filed his application with the Registrar of Titles on January 20, 1955 to be registered as the holder of the matai title Maluia of Nuuuli. On January 21, 1955 Misi Taufetee of Nuuuli filed an objection to the proposed registration and became a candidate for the name. Hence this litigation. Sec. 932 of the A. S. Code.

Sec. 926 of the Code as amended prescribes the qualifications for holding a matai title. The evidence showed that each of the two candidates has the necessary qualifications and is, therefore, eligible for registration as the holder of the matai title.

Sec. 933 of the Code as amended prescribes the law which the court must follow in determining which of the

eligible opposing candidates for a matai title shall be registered as its holder. It reads as follows:

"Consideration Given by Court: In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(b) The wish of the majority or plurality of the family;

(c) The forcefulness, character, personality and capacity for leadership of the candidate;

(d) The value of the holder of the matai name to the Government of American Samoa."

We shall first consider the issue of hereditary right. Misi is the great grandson of Maluia Vaeaitu. He has one-eighth Maluia blood in his veins. We find Uele to be the blood son of Maluia Meafua and to have one-half Maluia blood in his veins. Misi claims that Meafua never held the Maluia title. However, he admitted on the witness stand that Meafua was the blood son of Maluia Akeimo. If it be conceded that Meafua never held the title, Uele would nevertheless have one-fourth Maluia blood due to the admitted fact that he is the grandson of Maluia Akeimo. Since Misi has only one-eighth blood, it follows that Uele prevails on the first issue whether his blood-father Meafua was a Maluia or not.

Each of the two candidates filed a petition with the Court purporting to be signed by those blood members of the Maluia Family supporting his candidacy. There were 202 signatures on the petition for Uele and 75 on the petition for Misi. In addition there were 4 signatures for Misi sent by mail to the Clerk of the High Court. Misi claimed that 73 of the 202 signers on Uele's petition were not blood members of the Family; also that 24 of the purported signatures on Uele's petition were written by S. Fesagaiga, a member of the Maluia Family. The 24 names were those of

215

members of the Fesagaiga Family who are also members of the Maluia Family. However, after hearing the testimony of S. Fesagaiga himself (he is the matai of the Fesagaiga Family) we are convinced that all 24 signatures are genuine and that S. Fesagaiga did not write them. Misi admitted that 129 signers (202 less 73 objected to by Misi) on Uele's petition were blood members. If we concede that all of the 75 signers on Misi's petition, plus the 4 who indicated by mail that they favored Misi, are blood members, Uele prevails on the issue of the majority or plurality of the family, having an admitted 129 members for him. If we deduct the 17 names appearing on both petitions (and if we do not count them for one candidate we cannot count them for the other either) we then have 112 (129 less 17) for Uele and 62 (79 less 17) for Misi. Even if we were to deduct the 17 from Uele's petition only, Uele would still prevail over Misi by 112 to 79. We find that Uele prevails over Misi on the second issue.

Uele finished the 6th grade at Poyer School. He speaks English. He joined the Fita Fita Guard and Band in 1926 and was on active duty until 1947 when he retired as a seaman 1st class. He has held the Sialega title of Nuuuli since 1938. He receives $72.52 per month as a retired Fita Fita. He sells kava roots, copra, taro and other agricultural products of his plantation from which he has an income of approximately $50.00 per month. Uele is a carpenter. He has rendered service to the Maluia title.

Misi graduated from the Marist Brothers' School, completing the 9th grade. He speaks English well. After his graduation he worked as a printer. Then he worked as a clerk in the U.S. post office in Pago Pago. In 1942 he joined the Samoan Marines and served until the end of the war. He then went to work for the Bank of American Samoa, but returned to the post office as a clerk in 1946, and has continued in that position ever since. His annual salary as

a postal clerk is $4,410. He has plantations but sells nothing from them. Misi lives in the Taufetee Family in Nuuuli. He has rendered service in a number of ways to the Maluia title.

During the course of the hearing the judges of the Court had an excellent opportunity to observe the personalities of the two candidates.

It is our conclusion from the evidence and what we observed that Misi prevails over Uele on the issue of forcefulness, character, personality and capacity for leadership and we so find.

We believe also from the evidence that Misi would be of more value to the Government of American Samoa as the holder of the Maluia title than would Uele. We believe that he has greater capacity for leadership than Uele and for that reason would handle the affairs of the Maluia Family better than would Uele. It is distinctly to the advantage of the Government to have the most able men as matais to handle the affairs of Samoan families. We find that Misi prevails over Uele on the fourth issue.

Since Sec. 933 of the Code, as amended, requires the Court to give more weight to the first issue than to the second, and more to the second than to the third, and more to the third than to the fourth, it follows, since Uele prevails over Misi on the first two issues, that we must award the title Maluia to him, despite the fact that we find that Misi prevails over Uele on the third and fourth issues.

Uele is the holder of the title Sialega of Nuuuli. It is not necessary for us to cite authority to the effect that the same person cannot hold two matai titles at the same time. Uele must resign from the title Sialega of Nuuuli before he can be registered as the holder of the Maluia title.

DECREE

Accordingly it is ORDERED, ADJUDGED and DECREED that upon Uele's filing his resignation from the

217

Sialega title of Nuuuli with the Registrar of Titles, said Uele shall be registered as the holder of the matai title Maluia of Nuuuli.

Costs in the sum of $25.00 are hereby assessed against Misi Taufetee, the same to be paid within 30 days.